IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KTS PROPERTIES, LLC, | ) | Civ. No. 09-00433 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF KTS PROPERTIES, |
| | ) | LLC'S MOTION FOR REMAND |
| PETER SKAANING, | ) | BE DENIED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF KTS
PROPERTIES, LLC'S MOTION FOR REMAND BE DENIED

Before the Court is Plaintiff KTS Properties, LLC's Motion for Remand.  The Court heard the motion on December 17, 2009, at which time it granted Defendant leave to file a supplemental declaration in support of his opposition to the motion.  After careful consideration of the motion, the supporting and opposing memoranda and documents attached thereto, and the arguments of counsel, the Court FINDS that Defendant Peter Skaaning was a citizen of California on the date the action was filed.  Thus, diversity of citizenship exists and the Court therefore RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

FACTUAL BACKGROUND

This case arises out of disputes between Defendant Peter Skaaning

("Defendant") and Thomas Sorensen ("Sorensen") involving the operation of various companies. (Opp. at 2.) Prior to the commencement of this action, Defendant filed a separate action before this Court[1] against Sorensen, among others,[2] on the basis of diversity jurisdiction. (Mot. at 1-2.) On August 17, 2009, Defendant amended his complaint filed in that action ("amended complaint"). (Mot. Ex. 1.) In his amended complaint, Defendant alleges, among other things, that "[he] is a legal resident of the State of Hawaii and is transitioning to the State of California." (Id. at 3.) He alleges that he was "constructively discharged" from his position as president of Inspiration Hawaii, Inc. due to Sorensen's "continued self dealing . . . ." (Id. at 11.) He alleges that absent the non-competition clause in his employment agreement, "[he] could have remained in Hawaii and competed in the furniture business with Mr. Sorensen to the benefit of Hawaii consumers and he would then have been able to remain near his child, rather than hav[e] to leave to find work in another state, such as California." (Id. at 20.) The Court later dismissed that action for lack of subject matter jurisdiction. (Skaaning v. Sorensen, Civ. No. 09-00364 DAE-KSC, slip op. at 17 (D. Haw. Nov. 10, 2009)).

---

[1] This action is Skaaning v. Sorensen, Civ. No. 09-00364 DAE-KSC.

[2] Specifically, Defendant filed this action against Sorensen, individually and as trustee for the Sorensen Family Living Trust; the Sorensen Family Living Trust; Inspiration Hawaii, Inc.; Inspiration International, LLC; TPS, LLC; HDC Properties, LLC; and KTS Properties, LLC. (Mot. Ex. 1.)

The same day Defendant filed his above-mentioned amended complaint, Plaintiff KTS Properties, LLC ("Plaintiff") filed the instant action against Defendant in the First Circuit Court of the State of Hawaii. (Doc. # 1 at Ex. A.) On September 11, 2009, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal ¶ 2.) On September 28, 2009, Plaintiff moved for remand contending that there is no diversity jurisdiction. (Mot. at 1-2.)

## RELEVANT LAW

Any civil action filed in state court may be removed to federal district court so long as the federal district court has original jurisdiction over that action. 28 U.S.C. § 1441(a); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); Matheson, 319 F.3d at 1090. Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). In addition, no defendant may be a citizen of the same state in which the action is brought at the time the notice of removal is

filed. 28 U.S.C. § 1441(b); Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004).

To be a citizen of a state, a natural person must be a citizen of the United States and domiciled in that state. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Id. A person does not lose his old domicile until he acquires a new one. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) (citing Barber v. Varleta, 199 F.2d 419, 423 (9th Cir. 1952)). Thus, "[a] change in domicile requires the confluence of [1] physical presence at the new location with [2] an intention to remain there indefinitely." Id.

In determining domicile, courts consider factors, including but not limited to, "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Id. (citation omitted). Because the foregoing factors are "essentially factual," domicile is to be evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." Id. (quotations and citations omitted). For purposes of diversity jurisdiction, domicile is determined as of the date the action is filed. Id. (citing Hill v. Rolleri, 615 F.2d

886, 889 (9th Cir. 1980)).

The party asserting diversity jurisdiction bears the burden of establishing federal court jurisdiction. Holcomb v. Bingham Toyota, 871 F.2d 109, 110 (9th Cir. 1989). Where removal is improper, the action must be remanded to state court. See 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal and any doubt about removal must be resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

## DISCUSSION

In this case, the parties do not dispute that the amount in controversy requirement is satisfied. Where the parties disagree is as to Defendant's citizenship on the date the action was filed. Defendant contends that he was a citizen of California on August 17, 2009. (Opp. at 2.)

Plaintiff, however, contends that Defendant was a citizen of Hawaii on that date. (Mem. in Supp. of Mot. at 5.) Plaintiff argues that first, there is no evidence that Defendant changed his domicile from Hawaii to California prior to that date. (Id. at 5, 8-9.) Plaintiff argues that second, certain averments Defendant made in his above-mentioned August 17, 2009 amended complaint are sufficient to warrant remand. (Id. at 5; Reply at 4.) Plaintiff, for example, points to Defendant's averment that "[he] is a legal resident of the State of Hawaii and is

transitioning to the State of California." (Reply at 4.) Plaintiff also points to Defendant's averment that absent the non-competition clause in his employment agreement, "[he] could have remained in Hawaii and competed in the furniture business with Mr. Sorensen to the benefit of Hawaii consumers and he would then have been able to remain near his child, rather than hav[e] to leave to find work in another state, such as California." (Id. at 9.) Plaintiff argues that the foregoing averments are evidence that Defendant was domiciled in Hawaii and thus, a citizen of Hawaii, on the date this action commenced. (Id. at 4.) Plaintiff argues that as such, removal on the basis of diversity jurisdiction was improper because Plaintiff also was a citizen of Hawaii[3] on that date.[4] (Mem. in Supp. of Mot. at 5.)

As mentioned above, Defendant bears the burden of establishing federal court jurisdiction. Holcomb, 871 F.2d at 110. Because here, Defendant's citizenship–specifically, domicile–is in dispute, Defendant must establish that as of August 17, 2009, he was physically present in California with the intention to

---

[3] Plaintiff asserts that it was a citizen of Hawaii on August 17, 2009 based on the Hawaii citizenship its owner, Sorensen. (Mem. in Supp. of Mot. at 5 (quoting Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens")).)

[4] Plaintiff also argues that removal was improper under 28 U.S.C. § 1441(b) because Defendant was a citizen of the state in which the action was brought. (Mem. in Supp. of Mot. at 5.) However, as mentioned above, "[t]he forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time [the] notice of removal is filed." Spencer, 393 F.3d at 871. Plaintiff never contends that Defendant was a citizen of Hawaii at the time of removal. Furthermore, the Court finds, for reasons stated below, that Defendant was a citizen of California as early as the date the action was filed.

remain there.  Lew, 797 F.2d at 750.  The Court finds that based on the following, Defendant meets his burden.

Defendant maintains that he moved to California on June 8, 2009. (Def. Supplemental Decl. ("Def. Decl.") ¶ 4.)  Defendant submitted a copy of his flight itinerary showing that he departed Hawaii on that date and arrived in California the following day.  (Def. Decl. Ex. 1 at 1.)  Defendant claims that he began residing in an apartment in California on June 9, 2009.  (Def. Decl. ¶ 5; see also Sinitsin Decl. ¶¶ 4-5; Skaaning Aff. ¶ 4.)  Defendant submitted a copy of his lease agreement for the apartment showing that he entered into the lease on April 21, 2009, and that its term commenced on May 15, 2009.  (Def. Decl. ¶ 5, Ex. 2 at 1, 6.)  Defendant maintains that he has continued to reside in the apartment since he moved into it.[5]  (See Sinitsin Decl. ¶¶ 5-6; Savinov Decl. ¶ 3; Skaaning Aff. ¶¶ 4-5.)  Defendant maintains that he has not resided in Hawaii since, at the latest, July 1, 2009, when the lease for his apartment in Hawaii expired.  (Def. Decl. ¶ 8; see also Skaaning Aff. ¶ 5.)

Defendant claims that on or about June 9, 2009, he began working full-time in California for Rapport Furniture International ("Rapport").  (Def. Decl.

---

[5] Defendant submitted copies of billing statements for cable services provided to his California apartment for the months of June through October 2009.  (Def. Decl. Ex. 13 at 1-6.)  Defendant also submitted copies of electricity and gas billing statements for the months leading up to and following August 2009.  (Id. at 7-11.)

7

¶ 13; see also Opp. Ex. 3 at 1; Rogers Decl. ¶ 5; Salas Decl. ¶ 5.)  Defendant maintains that he has continued to work for Rapport on a daily basis, absent for only brief periods of time while on business trips[6] and to visit his son in Hawaii.  (See Rogers Decl. ¶ 5; Salas Decl. ¶ 5.)  Defendant submitted copies of his time cards from June 16 to September 5, 2009 and his earning statements for July through November 2009 documenting his employment with Rapport.  (Def. Decl. Exs. 8 & 9.)  Defendant maintains that he "expects to be employed [by Rapport] indefinitely," or "at least [for] the next two years."  (Opp. Ex. 1 at 2-3; see also Opp. Ex. 3 at 2.)

On June 25, 2009, Defendant's girlfriend, Bona Nguyen, and her two children moved from Hawaii to California to live with Defendant.  (Def. Decl. ¶ 7.)  Defendant submitted a copy of their itinerary documenting their one-way flight.  (Def. Decl. Ex. 3 at 1.)  Defendant claims that Nguyen and her children have continued to reside with him since they moved to California.  (See Sinitsin ¶ 5; Savinov Decl. ¶¶ 2-3.)

In addition to the foregoing, Defendant submitted copies of the following to support his contention that as of August 17, 2009, he was physically present in California with the intention of remaining there: an invoice and other

---

[6] Defendant maintains that these business trips are related to his employment with Rapport.  (See Rogers Decl. ¶ 5; Salas Decl. ¶ 5.)

document showing that he shipped 196 packages of personal effects from Hawaii to California on May 15, 2009[7] (Def. Decl. Ex. 4); billings of lading dated May 28, 2009 and June 15, 2009 for the shipment of two of his vehicles from Hawaii to California (Id. at Ex. 5); insurance cards showing that said vehicles were insured in California effective June 23, 2009 (Id. at Ex. 6); a retail installment contract for the purchase of another vehicle in California on August 16, 2009, the day before the instant action was filed (Id. at Ex. 7); receipts showing that on July 9, 2009, he registered Nguyen's children to attend among other things, after school care in California from September 2 to 30, 2009 (Id. at Ex. 12); a transfer authorization for a checking account he opened on June 17, 2009 with US Bank's branch in West Hollywood, California[8] (Id. at Ex. 11); a credit card statement for said checking account documenting transactions in California during July and August 2009 (Id.); credit card statements for another checking account documenting transactions that occurred in California during June, July, and August 2009, including three transactions that occurred in California on August 17, 2009 (Id. at Ex. 10).

      The Court recognizes that Defendant averred in an amended complaint, filed in a separate case the same day this action commenced, that "[he] is a legal resident of the State of Hawaii and is transitioning to the State of

---

[7] The packages arrived in California on May 21, 2009. (Def. Decl. Ex. 4.)

[8] Defendant maintains that US Bank does not have any branches in Hawaii. (Id. ¶ 18.)

California." (Mot. Ex. 1 at 3.) However, as stated above, the factors for determining domicile are "essentially factual," and as such, domicile is to be evaluated in terms of "objective facts." Lew, 797 F.2d at 750 (quotations and citations omitted). The Court finds that here, Defendant proffered objective facts sufficient to remove any doubt that as of August 17, 2009, he was physically present in California with the intention of remaining there. Thus, the Court finds that Defendant changed his domicile from Hawaii to California by that date, making Defendant a citizen of California on the date this action was filed.

## CONCLUSION

For the reasons discussed above, the Court FINDS that Defendant was a citizen of California on August 17, 2009, the date this action commenced. Because Plaintiff asserts that it was a citizen of Hawaii on that date, and there is no dispute that the amount in controversy requirement is satisfied, diversity jurisdiction exists and the Court therefore RECOMMENDS that Plaintiff's Motion for Remand be DENIED

.

It is so FOUND and RECOMMENDED.

DATED: Honolulu, Hawaii, January 13, 2010.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

KTS Properties, LLC v. Skaaning, Civ. No. 09-00433 SOM-BMK, FINDINGS AND RECOMMENDATION THAT PLAINTIFF KTS PROPERTIES, LLC'S MOTION FOR REMAND BE DENIED.