IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KTS PROPERTIES, LLC, | ) | CIV. NO. 09-00433 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| vs. | ) | RECOMMENDATION THAT PLAINTIFF |
| | ) | KTS PROPERTIES, LLC'S MOTION |
| PETER SKAANING, | ) | FOR REMAND BE DENIED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| PETER SKAANING, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INSPIRATION HAWAII, INC., a Nevada corporation; THOMAS V. SORENSEN; and HONOLULU DESIGN CENTER, L.L.C., a Hawaii limited liability company, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF
KTS PROPERTIES, LLC'S MOTION FOR REMAND BE DENIED

I.      INTRODUCTION.

This case was removed to this court on the basis of diversity jurisdiction.  Plaintiff KTS Properties, LLC, sought remand, arguing that it and Defendant Peter Skaaning were both citizens of Hawaii.  The Magistrate Judge recommends that the motion to remand be denied.  This court adopts the Magistrate Judge's well-reasoned findings and recommendation.

II.     BACKGROUND.

The only matter presented here is whether Skaaning was a citizen of Hawaii when this case was originally filed in state court on August 17, 2009.  KTS Properties, LLC, a limited liability company operating in Hawaii, asserts state law claims against Skaaning.  Skaanning is the former president of Inspiration, Hawaii, which at one time did business with KTS.  Disputes regarding that Hawaii business arose.  After Skaaning either was fired or resigned, he moved to California.  Skaaning Supp. Decl. ¶ 4; Compl. ¶ 2.  In preparation for his move, Skaaning signed a one-year lease on a California apartment in April 2009.  Ex. 2, attached to Skaaning Supp. Decl., No. 28-1 (Dec. 23, 2009).  He began living and working in California in June 2009.  Objection at 2; Rapport Decl. ¶ 10, attached to Objection.  That situation continues, and Skaaning says he plans to stay at his present job "indefinitely" or for "at least the next two years."  Skaaning Decl. ¶ 7 (Nov. 19, 2009).

Skaaning's Hawaii apartment lease expired on July 1, 2009.  He shipped his belongings and vehicles to California.  On June 25, 2009, Skaaning's girlfriend and her two children took one-way flights to California.  They have since been living there with Skaaning.  Skaaning Decl. ¶ 4; Skaaning Supp. Decl. ¶ 8.

This is not the first lawsuit involving the present parties.  On August 10, 2009, Skaaning filed suit in this court

against Thomas V. Sorensen (the owner of KTS), as well as against others, alleging, among other things, improper conduct relating to the parties' business dealings.  Skaaning v. Sorenson, Civ. No. 09-00364.  On August 17, 2009, Skaaning amended his Complaint in that action, alleging, among other things, that he was a legal resident of Hawaii but transitioning to California.  See First Amend. Compl. ¶ 4, Doc. No. 8.  He alleged that, absent a noncompetition provision concerning him, he "could have remained in Hawaii and competed in the furniture business with Mr. Sorensen."  Id. ¶ 87.  Skaaning's suit was based on diversity jurisdiction.  Among those sued were limited liability companies in which Skaaning himself was a member.  See Skaaning v. Sorensen, Civ. No. 09-00364, 2009 WL 3763056, at *3-4 (D. Haw. Nov. 10, 2009).  The court ruled in the earlier action that, because a limited liability company has citizenship for diversity purposes in every state in which an LLC owner or member is a citizen, there could not be diversity of citizenship when the plaintiff was also an owner or member of a defendant LLC.  The court thus dismissed Skaaning's action for lack of subject matter jurisdiction.

On August 17, 2009, KTS filed the Complaint in the present action in state court.  Skaaning removed the action to this court on the basis of diversity jurisdiction, alleging that he is a citizen of California.

3

On September 28, 2009, KTS moved to remand to state court, arguing that Skaaning had not established diversity. KTS, a Hawaii citizen, pointed to Skaaning's allegation in his earlier lawsuit that he himself was a resident of Hawaii. Skaaning responded by submitting documents showing his California connections. KTS replied that Skaaning had not overcome the presumption that he remained domiciled in Hawaii on August 17, 2009, and that his relocation to California was only temporary.

The Magistrate Judge asked Skaaning for additional evidence concerning where he had lived and intended to live. On December 23, 2009, Skaaning filed a 91-page document that included declarations from the manager of his California apartment, his girlfriend's children's nanny, and co-workers, as well as evidence of numerous California transactions (bank account documents, after-school care registration, car insurance cards, a contract to buy a car in California, etc).

On January 13, 2010, the Magistrate Judge issued his "Findings and Recommendation That Plaintiff KTS Poperties, LLC's Motion for Remand be Denied." In a very detailed discussion, the Magistrate Judge found that Skaaning was a citizen of California as of the date KTS filed its Complaint in state court.

KTS objects to the F&R. Specifically, KTS says that the Magistrate Judge erred in finding that Skaaning was a citizen of California, because Skaaning "did not overcome the presumption

4

that he remained domiciled in Hawaii on the day suit was filed, and he did not remove all doubt as to the propriety of his removal action." Objection at 2.

III.     STANDARD OF REVIEW.

A district court reviews de novo those portions of a Magistrate Judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009). The district court may receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the Magistrate Judge. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the Magistrate Judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); Bright, 2009 WL 5064355, *3; Local Rule 74.2.

IV.     ANALYSIS.

KTS argues that the court erred by finding that Skaaning is a California citizen when he had previously alleged he was a Hawaii resident and when he has some connections to Hawaii. This court is unpersuaded by KTS. The evidence demonstrates that Skaaning was a citizen of California at the time suit was filed.

Federal courts have jurisdiction over a civil action when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). There is no dispute in this case that the amount in controversy requirement is satisfied. Complete diversity requires that each plaintiff be a citizen of a different state from each defendant. See Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1067 (9th Cir. 2001). Additionally, in a removed case, a defendant can remove a case to federal court based on diversity only when the defendant is not, at the time of removal, a citizen of the state in which the complaint is filed. 28 U.S.C. § 1441(b); Spencer v. U.S. Dist. Ct. for N. Dist. of Col., 393 F.3d 867, 871 (9th Cir. 2004).

A United States citizen is also a citizen of a state when he or she is domiciled in that state. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's

domicile includes both physical presence and intent to remain in that state.  A change in domicile requires both physical presence at a new location and an intent to remain in that new location indefinitely.  Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

A court considers a variety of factors, none of which is controlling, in determining a person's domicile.  These include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."  Id. at 750.

The overwhelming weight of the evidence shows that Skaaning, at the time KTS's Complaint was filed, was domiciled in California.  Skaaning was physically present in California and intended to live there "indefinitely."  Skaaning had moved to a California apartment by June 9, 2009.  He has continued to reside in that apartment ever since.  He began working for a California employer and left California only briefly for visits to his son in Hawaii and for business trips.  He shipped almost all of his personal effects to California, obtained car insurance in California, and opened a bank account in California with a bank that does not have any branches in Hawaii. Exs. 1-17, attached to Skaaning Supp. Decl.  Additionally, Skaaning's girlfriend

moved with her children to California to live with Skaaning. KTS does not dispute this evidence.

Instead, KTS says that Skaaning must have been domiciled in Hawaii at the time the Complaint was filed because: (1) Skaaning's employment in California was only temporary; (2) Skaaning previously alleged that he was a Hawaii resident and had to leave Hawaii to find work in another state, indicating that he did not intend to live permanently in California; (3) Skaaning shipped his car to California and stored it in his employer's warehouse; (4) Skaaning's son and the father of his girlfriend's children live in Hawaii; (5) Skaaning gave a Hawaii telephone number when he registered his girlfirends' children for after-school care; and (6) Skaaning made three trips to Hawaii in two months. Objection at 10-20.

With regard to employment, KTS says that if Skaaning were fired from his California job, he would relocate, and relocation would mean he did not intend to live in California permanently. Even if Skaaning does not keep the job he now has in California, the weight of the evidence suggests that any new job would be in California. Skaaning has a lease for an apartment in California, obtained car insurance in California, and opened a checking account in California, all indicating that if he looked for other employment it would be in California. In any event, he would likely not move to Hawaii for work, unless he

could avoid a noncompete clause that would otherwise prevent his employment in Hawaii.  Relocation or an end to his presence in California would not necessarily destroy diversity.

KTS places great importance on Skaaning's earlier statement that he was "transitioning" from Hawaii to California, and that he was a legal Hawaii resident.  KTS argues that the distinction between residency and citizenship is diminished when one alleges "legal residency."  The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency.  Citizenship is determined by the person's domicile, not residency.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)(citing Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.")).  In any event, allegations of legal residency relate mainly to immigrant status, see generally Orantes-Hernandez v. Gonzales, 504 F. Supp. 2d 825 (C.D. Cal. 2007), and may constitute a legal

9

conclusion not entitled to the presumption of truth that attaches to factual allegations in certain contexts.

KTS complains about the Magistrate Judge's treatment of Skaaning's previous allegations of residency. The Magistrate Judge specifically "recognize[d] that [Skaaning] averred in an amended complaint, filed in a separate case the same day this action commenced, that '[he] is a legal resident of the State of Hawaii and is transitioning to the State of California.'" F&R at 9-10. KTS argues, however, that the Magistrate Judge did not give sufficient weight to the averment. KTS views allegations in pleadings as entitled to significant evidentiary weight, considering them nearly tantamount to admissions against interest. Of course, domicile must be determined based on objective facts. While statements of intent are given little weight when in conflict with the facts, Moss, 747 F.2d at 750, Skaaning's statements in his earlier Complaint are not in conflict with his domicile in California. Skaaning only alleged in his prior pleading that he was a legal resident of Hawaii but was "transitioning" to California. It is not at all clear that the allegation of legal residency was an allegation relating to actual physical presence in Hawaii. In referring to his "legal residency," Skaaning may, for example, have been referring to continued maintenance of a Hawaii address during the "transition" period, or to an obligation to pay Hawaii income tax on income

earned in Hawaii. Whatever he meant, the facts establish that he was living in California at the time he made the allegations in issue. Those facts must trump allegations. Otherwise, diversity could always be created or destroyed by allegations contrary to fact.

Skaaning's storage of his car in his employer's warehouse is similarly unhelpful to KTS in negating Skaaning's intent to live in California. Skaaning had shipped the car to California, an expensive process unlikely to have been incurred by an individual paying for the shipment out of his own funds if the move was short-term. Storage of a car goes to how a car is used (or not used). It says little about intent to return to Hawaii.

While, as KTS points out, Skaaning's son and the father of Skaaning's girlfriend's children remained in Hawaii, that circumstance did not require Skaaning to live in Hawaii. Skaaning appears to have accepted the distance between him and his son and to have arranged visits to see his son. Neither the distance nor the trips negate his actual residence in California or undermine his intent to stay in California.

Finally, KTS points to Skaaning's use of a Hawaii telephone number when he registered his girlfriend's children for after-school care. Skaaning and his girlfriend had provided a Hawaii cell-phone number so that the children's caregivers could

reach them when needed.  Ex. 12, attached to Skaaning Supp. Decl. Reference to a Hawaii telephone number does not outweigh the extensive evidence that, as of 2009, Skaaning lived in California and intended to stay there.  It may well be far from unusual for people to keep old cell-phone numbers so that family members and friends will not have to learn new numbers or input new numbers into their telephone logs.  Taking advantage of the convenience of maintaining the same number does not render one a permanent citizen of the place that corresponds to that old area code.

        The court has before it a party who, among other things, gave up his residence in Hawaii, leased an apartment in California, moved his family to California, took a California job, shipped many personal effects to California, obtained California car insurance, and opened a new bank account in California.  This court agrees with the Magistrate Judge that Skaaning was a citizen of California at the relevant time. Accordingly, the parties are diverse.

V.      CONCLUSION.

        The court adopts the Magistrate Judge's F&R in its entirety.  The motion for remand is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2010.



          /s/ Susan Oki Mollway
          Susan Oki Mollway
          Chief United States District Judge

KTS Properties, LLC v. Skaaning, Civ. No. 09-00433, ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF KTS PROPERTIES, LLC'S MOTION FOR REMAND BE DENIED.