IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KTS PROPERTIES, LLC, | CIVIL NO. 09-00433 SOM/BMK |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE THIRD-PARTY COMPLAINT (DOCKET NO. 39) |
| vs. | |
| PETER SKAANING, | |
| Defendant. | |
| PETER SKAANING, | |
| Third-Party Plaintiff, | |
| vs. | |
| INSPIRATION HAWAII, INC., a Nevada corporation; THOMAS V. SORENSON; and HONOLULU DESIGN CENTER, LLC, a Hawaii limited liability company, | |
| Third-Party Defendants | |

ORDER DENYING MOTION TO STRIKE
THIRD-PARTY COMPLAINT (DOCKET NO. 39)

I.  INTRODUCTION.

Plaintiff KTS Properties, LLC, has moved to strike the Third-Party Complaint filed by Defendant Peter Skaaning. See Motion to Strike Third Party Complaint (Feb. 17, 2010) (Docket No. 39). KTS argues that the third-party claims do not seek contribution or indemnification with respect to any liability on Skaaning's part to KTS and that they unnecessarily interject issues into this "simple" collection action. This case is actually anything but simple. KTS concedes that some of the

claims in the Third-Party Complaint may be proper third-party claims. Skaaning's other purported third-party claims could have been asserted under Rules 13(h) and 20(a)(2). Given these circumstances, the motion to strike third-party complaint is denied without a hearing pursuant to Local Rule 7.2(d).[1]

II.     BACKGROUND.

    A.   Factual Allegations.

This case involves a business relationship between Defendant Peter Skaaning and Third-Party Defendant Thomas Sorenson that has soured.

Third-Party Defendant Inspiration Hawaii, Inc., was incorporated by Sorenson in Nevada in July 1997. At that time, Sorenson owned 100% of its stock. See Third-Party Complaint ¶¶ 49-50 (Nov. 19, 2009).

In October 1997, Inspiration Hawaii opened a furniture store at or near Pearlridge Center, a shopping center on Oahu, Hawaii. See Third-Party Complaint ¶¶ 50-51 (Nov. 19, 2009).

In April 1999, Skaaning was employed as the president of Inspiration Hawaii. See Third-Party Complaint ¶ 53. By September 2001, Skaaning owned 50% of Inspiration Hawaii's stock.

---

[1] On July 15, 2010, Magistrate Judge Barry M. Kurren denied Defendants' motion to disqualify counsel for KTS. Because the present order denies KTS's motion to strike the Third-Party Complaint, no party will be prejudiced by this court's adjudication of KTS's motion to strike even if an appeal is taken from Magistrate Judge Kurren's order.

<u>Id.</u> ¶ 54(d).  Sorenson owned the other 50% of Inspiration Hawaii's stock.  <u>See</u> Complaint ¶¶ 2-3 (Aug. 17, 2009).

On or about December 20, 2006, First Hawaiian Bank loaned Inspiration Hawaii $2,500,000.  This loan was documented in a note and was guaranteed by Skaaning and Sorenson.  <u>See</u> Complaint ¶¶ 5, 7.  <u>See</u> <u>id.</u> ¶ 7.  A copy of the guaranty is attached to the Complaint as Exhibit C.

Skaaning says that Sorenson is the 100% owner and sole manager of another company, Honolulu Design Center, LLC.  <u>See</u> Third-Party Complaint ¶ 56.  According to Skaaning, in May 2006, Honolulu Design Center, the fee simple owner of property located at 1250 Kapiolani Blvd. in Honolulu, leased the property to Inspiration Hawaii, which was planning a second furniture store.  <u>See</u> Third-Party Complaint ¶¶ 56-57.  Skaaning says that the lease rent for the Honolulu Design Center location is approximately $300,000 per month.  <u>See</u> Third-Party Complaint ¶ 61.  Honolulu Design Center allegedly had to pay a monthly mortgage charge of about $150,000, resulting in a profit of about $150,000 per month to Honolulu Design Center and its sole owner, Sorenson.  <u>See</u> <u>id.</u> ¶ 62.

Skaaning says that Honolulu Design Center leases retail space to Amuse Wine and Coffee Bar, another entity owned solely by Sorenson, at no cost, given the alleged overcharge to Inspiration Hawaii.  <u>See</u> Counterclaim ¶ 60.

According to Skaaning, beginning at some time in 2006, he and Sorenson had disputes about the operation of Inspiration Hawaii. See Counterclaim ¶ 65. Skaaning says that, in April 2009, he was "constructively discharged" from his position as president of Inspiration Hawaii. Id. ¶ 66. Skaaning describes Sorenson as having purported to buy Skaaning's 50% interest in Inspiration Hawaii for $1.00 after Skaaning was discharged. Id. ¶¶ 67-68. Skaaning says that this purported sale is unfair and inequitable, as Inspiration Hawaii has inventory with a wholesale cost of about $6,000,000 (retail value between $10,000,000 and $15,000,000). Id. ¶ 71.

The Complaint alleges that First Hawaiian Bank's loan to Inspiration Hawaii matured on June 2, 2009. See Complaint ¶ 8. It further alleges that First Hawaiian Bank demanded payment of the entire balance owed by July 17, 2009. Id. ¶ 9.

Plaintiff KTS Properties, LLC, allegedly purchased all of First Hawaiian Bank's rights concerning its loan to Inspiration Hawaii and the guaranty for that loan for $2,504,149.31. See Complaint ¶ 11. KTS says that Inspiration Hawaii has defaulted on the note and that KTS is therefore entitled to recover the entire amount due from Skaaning under the guaranty. Id. ¶ 14. Skaaning calls this inequitable, pointing out that Sorenson owns and controls KTS, must have directed KTS to buy the First Hawaiian Bank loan, and is now attempting to

recover the entire loan from Skaaning, while seeking nothing from Inspiration Hawaii (which Sorenson now controls) or from Sorenson himself, as the other guarantor of the loan.  See Counterclaim ¶¶ 22-23.

       B.   Third-Party Claims.

The Third-Party Complaint asserts multiple claims. Count I asserts that Inspiration Hawaii (now purportedly owned and controlled by Sorenson) owes Skaaning a duty to immediately perform its obligations under the loan, and that Inspiration Hawaii has sufficient assets to cover the debt now owed to KTS (also owned and controlled by Sorenson).  Count I seeks "exoneration," arguing that Inspiration Hawaii should be compelled to pay the debt so that Skaaning will be exonerated from his duties under the guaranty.

Count II of the Third-Party Complaint seeks "exoneration" against Sorenson, arguing that, as co-guarantor of the loan, Sorenson should have to pay his fair share (50%) of the debt owed by one Sorenson-owned entity (Inspiration Hawaii) to another (KTS).

Count III of the Third-Party Complaint seeks dissolution of Inspiration Hawaii and asks the court to sell its assets to pay its legitimate debts.

Count IV of the Third-Party Complaint seeks the appointment of a receiver for Inspiration Hawaii pending its dissolution.

Count V of the Third-Party Complaint seeks a declaration that the agreement purporting to allow Sorenson to purchase Skaaning's 50% interest in Inspiration Hawaii for $1.00 is void and unenforceable.

Count VI of the Third-Party Complaint asserts that Sorenson breached his fiduciary duty to Skaaning.

Count VII of the Third-Party Complaint seeks a declaration that Skaaning's guaranty is void and unenforceable.

Count VIII of the Third-Party Complaint asserts that Sorenson breached the implied covenant of good faith and fair dealing and tortiously interfered with the guaranty.

Count IX of the Third-Party Complaint asserts a violation of Hawaii's unfair and deceptive trade practices statute, section 480-2.

Count X of the Third-Party Complaint seeks a preliminary and permanent injunction requiring Sorenson to stop self-dealing, cease managing Inspiration Hawaii, and make appropriate distributions.

Count XI of the Third-Party Complaint seeks an accounting from Inspiration Hawaii and access to its books, records, and premises.

III.     ANALYSIS.

KTS asks this court to strike the Third-Party Complaint filed by Skaaning against Sorenson, Inspiration Hawaii, and Honolulu Design Center.  KTS says that this is a "simple" action to collect money owed by Skaaning under the guaranty.  KTS contends that Skaaning's claims are not proper third-party claims and that the third-party complaint unnecessarily interjects issues into this "simple" case.  This court is not persuaded.

Third-Party Complaints are authorized by Rule 14 of the Federal Rules of Civil Procedure.  Rule 14(a)(1) authorizes a defendant to bring third-party claims against nonparties who are or may be liable to the defendant for all or part of the plaintiff's claims against the defendant.  The Ninth Circuit has interpreted this rule as allowing "a third-party claim . . . only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."  Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988).

KTS argues that, pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure, the third-party complaint should be stricken.  This court is not persuaded.  KTS concedes that the first two counts of the Third-Party Complaint might "arguably" be derivative of its claims for liability on the guaranty.  See Motion at 11 (Feb. 17, 2010).

7

As to Skaaning's other claims, they could have been brought under Rule 13(h) of the Federal Rules of Civil Procedure, which governs the joining of additional counterclaim defendants to a case. That is, when Skaaning filed his counterclaim against KTS, Skaaning could have simultaneously brought claims against others.

Rule 13(h) states, "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Rule 20(a)(2) of the Federal Rules of Civil Procedure allows the joining of persons

> in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The Ninth Circuit has noted that "the primary purpose [of Rule 20(a)'s permissive joinder] is to promote trial convenience and to prevent multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (1977).

The Third-Party Complaint seeks relief against Sorenson, Inspiration Hawaii, and Honolulu Design Center that easily satisfies Rule 20(a)(2). In essence, the Third-Party Complaint alleges that Sorenson, through a number of companies he controls, has schemed to transfer the debt of Inspiration Hawaii to Skaaning. The Third-Party Complaint therefore seeks relief in

the "alternative" to the claims asserted against Skaaning, as it essentially asks this court to determine that, under the circumstances, enforcing the guaranty against Skaaning would be inequitable and that, instead, Inspiration Hawaii and Sorenson himself should bear responsibility for the debt.  This relief allegedly arises out of the "same transaction, occurrence, or series of transactions or occurrences" and involves "question[s] of law or fact common to all defendants."  Whether these claims should be allowed to proceed as "third-party claims" or should instead be construed as claims joined to the counterclaim against KTS is of little moment.

To dismiss the Third-Party Complaint under the circumstances here would be to put form over substance.  The nomenclature of the claims must be subordinated to the substance. Having separate trials over the claims asserted in the Complaint and Third-Party Complaint would cause delay, inconvenience, added expense to the parties, and additional work for the courts.  The claims asserted in the Complaint, Counterclaim, and Third-Party Complaint should be decided in the same action.  Whether that action should be the present one or another case currently on file with the Hawaii state courts is a matter for another day.

IV.     CONCLUSION.

For the reasons set forth above, KTS's motion to dismiss the Third Amended Complaint is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 23, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

KTS Properties LLC v. Skaaning; Civil No. 09-00433 SOM/BMK; ORDER DENYING MOTION TO STRIKE THIRD-PARTY COMPLAINT (DOCKET NO. 39)